UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

OVELL T. BARBER, #1172388,

    Petitioner,

v.                                                                     ACTION NO. 2:10cv482

HAROLD W. CLARKE,[1]
Director of the Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c)(1) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

**A. Background**

Petitioner Ovell T. Barber ("Barber") was convicted in the Circuit Court for the City of Norfolk of murder, robbery, and failure to appear. Barber was sentenced to a total of 94 years, 2 months, and 95 days. He is presently serving his term of imprisonment in the Greensville Correctional Center. Barber's petition does not challenge any aspect of his conviction, but rather the Commonwealth's denial of parole.

---

[1] Inasmuch as the petition designates an extraneous party respondent, it is ORDERED that the petition shall be deemed amended to substitute as the sole respondent in this proceeding Harold W. Clarke, Director of the Virginia Department of Corrections. *See* Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

On April 27, 1999, Barber became eligible for discretionary parole consideration. The Virginia Parole Board ("Parole Board") heard, considered, and denied Barber for discretionary parole in 1999, 2002, 2003, 2004, 2007, 2008, 2009, and again in 2010. The Parole Board consistently indicated the reason Barber was not granted parole on those occasions was due to the "serious nature and circumstances of the offense." After each decision, the Parole Board deferred Barber's parole consideration for a period of up to two years. Prior to filing the instant petition, the latest notification of the Parole Board's decision not to grant parole was sent to Barber on February 2, 2009.

On November 13, 2009, Barber filed a petition in the Supreme Court of Virginia, contending that the Parole Board violated his due process rights when they wrongfully denied him release on parole. The Supreme Court of Virginia refused and dismissed the petition on February 18, 2010. Barber then filed a petition for rehearing, which was denied on April, 21, 2010.

Barber filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 29, 2010. Respondent filed a Rule 5 Answer and Motion to Dismiss on November 4, 2010. Barber filed a Response in Opposition to the Motion to Dismiss on November 17, 2010. To the extent Barber has requested an evidentiary hearing, the Court has determined that an evidentiary hearing is not required, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. *See* Rule 8 of the Rules Governing Section 2254 Cases. Accordingly, the matter is now ripe for adjudication.[2]

---

[2]Though Respondent has not asserted the statute of limitations as an affirmative defense, the Court notes that Barber's federal habeas petition may be untimely. Although the limitations period is an affirmative defense, a court considering federal habeas petitions has the power to raise this affirmative defense *sua sponte*. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that federal habeas courts are "permitted, but not obliged, to consider *sua sponte*, the timeliness of a state petitioner's habeas petition"). Nevertheless, the Court merely notes the possibility that the

2

## B. Grounds Alleged

Barber asserts that he is entitled to relief under 28 U.S.C. § 2254 because:

(1) The Parole Board denied his rights to due process when it denied his release on discretionary parole;

(2) The Parole Board's actions in releasing some but not other prisoners is arbitrary and capricious in violation of Equal Protection and the parole statutes are void for vagueness;

(3) The Office of the Attorney General has been broadening the powers of the Parole Board more than the statutes allow in violation if due process; and

(4) The Parole Board's actions in deferring his parole consideration violates due process.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. *See* 28 U.S.C. § 2254(b) (2010). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). For a claim to be considered exhausted, the claim must be "fairly presented to the state courts," meaning both the "operative facts and the controlling legal principles must be presented to the state court." *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997) (citations omitted). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844

---

instant federal habeas petition is untimely and declines to consider the issue further.

(1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997). Barber's petition to the Supreme Court of Virginia for a writ of habeas corpus contained "essentially" the same claims raised in the present petition and were decided on the merits; therefore, Barber's grounds meet the exhaustion requirement.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits[3] unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2010).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389.

---

[3]The Virginia Supreme Court does not have to set forth findings of fact and conclusions of law in its disposition of a claim for the claim to be "adjudicated on the merits," *Wright v. Angelone*, 151 F.3d 151, 156-57 (4th Cir.1998). *See also Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011) (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

## C. Merits

### 1. *Due Process*

The first of Barber's claims in the instant petition asserts that the Parole Board violated his due process rights when it denied him parole. The controlling standard for such claims proceeds in two steps: "We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient." *Swarthout v. Cooke*, 131 S. Ct. 859, 861, 2011 WL 197627 (2011).

Prisoners have no fundamental constitutional right to parole. *Id.* at 862; *Moss v. Clark*, 886 F.2d 686, 690 (4th Cir.1989) (citing *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)). Although under no obligation to, Virginia established a parole system to determine whether prisoners may be released on parole. *See* Va. Code § 53.1-151 (2010) (establishing a prisoner's eligibility for parole). "The Fourth Circuit has examined the [statutory] language and repeatedly held that it does not create a liberty interest in parole release." *Neal v. Fahey*, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008) (citing *Hill v. Jackson*, 64 F.3d 163, 170-71 (4th Cir. 1995)); *Gaston v. Taylor*, 946 F.2d 340, 344 (4th Cir. 1991). However, prisoners in Virginia do enjoy a limited liberty interest in *consideration* for release on parole. *Hill*, 64 F.3d at 170; *Neal*, 2008 WL 728892, at *2 (emphasis added).

Assuming that prisoners have some liberty interest in parole, it follows then that there must be some level of due process afforded. The Fourth Circuit has held that "where [a] court has found that a parole statute establishes a liberty interest, . . . inmates are entitled to no more than minimal procedure." *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). Indeed, the Supreme Court has held that "[i]n the context of parole, . . . the procedures required are minimal." *Cooke*,

131 S. Ct. at 862. "The Constitution does not require more." *Id.* (quoting *Greenholtz*, 442 U.S. at 16). Thus, this Court reviews the record to determine whether Barber was afforded the requisite minimal procedures.

To satisfy the minimal procedures, the Fourth Circuit has held that "[i]n the parole setting, procedural due process requires no more than a statement of reasons indicating to the inmate why parole has been denied." *Bloodgood v. Garraghty*, 783 F.2d 470, 473 (4th Cir. 1986) (citing *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir. 1977) (en banc)); *see also Vann*, 73 F.3d at 522. Moreover, the Fourth Circuit has also noted that there is "no constitutional requirement that each prisoner receive a personal hearing, have access to his files, or be entitled to call witnesses on his behalf to appear before the Board." *Franklin*, 569 F.2d at 800.

Based on the record, the Court finds that the minimum procedures adequate for due process protection were met. The affidavit of Rudolph C. McCollum, Jr. ("McCollum"), a member of the Parole Board, noted that Barber became eligible for parole consideration in 1999. Resp't Mem. Supp. Mot. Dismiss Ex. B ¶ 6, ECF No. 9. The affidavit further notes that Barber was heard at the annual hearings in 1999, 2002, 2003, 2004, 2007, 2008, and 2009. *Id.* Shortly after each hearing, Barber received a letter from the Parole Board notifying him of the decision and reasons not to grant him parole. Barber attached a number of these denial letters as exhibits and does not contend that he never received them. Pet. Ex. A-F, ECF No. 1. As he does not contend he did not receive the letters from the Parole Board, which provided a statement of the reasons why he was denied parole, it appears Barber was afforded all the protections he was due.

### 2. *Equal Protection*

Barber next asserts that the Parole Board's actions in releasing some but not other prisoners is arbitrary and capricious in violation of Equal Protection. The Equal Protection Clause of the

Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To be successful on an equal protection claim, "a [petitioner] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id.*

Here, Barber asserts that the Parole Board's "practice of denying prisoners parole release because of underlying felony convictions while releasing other prisoners with the same felony convictions" violated the Equal Protection Clause. Pet. 18, ECF No. 1. However, even if the Court were to assume that Barber is similarly situated with other prisoners granted parole, he has failed to show that his treatment was a result of intentional or purposeful discrimination. Additionally, Barber has failed to show that he is a member of a suspect class. Although it is unclear what suspect class Barber claims to be in, the Fourth Circuit has held that "[p]risoners are not a suspect class." *Moss*, 886 F.2d at 690. Thus, Barber fails to state an equal protection claim.

### 3. *"Arbitrary and Capricious"*

Barber further asserts that the Parole Board's process of deciding whether to grant parole is "arbitrary and capricious." Pet., 18, ECF No. 1. It is unclear, however, whether Barber claims the Parole Board's actions violated due process, equal protection, or both. In any event, for the reasons stated above, either claim is without merit. Further, McCollum's affidavit notes that the Parole Board Policy Manual contains Parole Decision Factors that the Parole Board uses to make decisions regarding a prisoner's release on parole, and these factors were considered in denying

parole in this case. Resp't Mem. Supp. Mot. Dismiss Ex. B ¶ 5, ECF No. 9.

### 4. *Remaining Claims*

To the extent that Barber asserts a violation of state law, such claims are not appropriate for federal habeas corpus review. Rather, such claims should be raised in a § 1983 action. A federal court may grant habeas relief to a state inmate under 28 U.S.C. § 2254 only upon a finding "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ will not issue merely on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED and the Respondent's motion to dismiss be GRANTED.

Furthermore, Barber has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after

being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 2, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ovell T. Barber, #1172388
Greensville Correctional Center
901 Corrections Way
Jarratt, Virginia 23870


Richard C. Vorhis, Esq.
Attorney for Respondent
Office of the Attorney General
Public Safety & Enforcement Division
900 East Main Street
Richmond, Virginia 23219

Fernando Galindo, Clerk

By _____
Clerk of the Court

March 2, 2011