UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



OVELL T. BARBER, #1172388,

    Petitioner,

v.      ACTION NO. 2:10cv482

HAROLD W. CLARKE,
Director of the Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition contends that the Virginia Parole Board ("Parole Board") violated Petitioner's due process rights when it wrongfully denied him release on parole.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for a report and recommendation. The Report and Recommendation filed March 2, 2011, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On March 15, 2011, the Court received Petitioner's Objections and Responses to the Report and Recommendation (ECF No. 13), and on March 18, 2011 and April 7, 2011, the Court received Petitioner's Amended Objections and Responses to the Report and Recommendation (ECF No. 14 & 15).

First, Petitioner objects to the Magistrate Judge's finding that "the Parole Board afforded the Petitioner all the protections he was due when the Parole Board denied Petitioner parole from 1999-2010." Pet'r Obj., 2, ECF No. 13. Since Petitioner raises no substantive claim in this conclusory objection, the Court finds no merit to the objection. To the extent Petitioner re-asserts his claims that he was denied due process of law because he was denied his good-time release or good-time credits, this Court finds the argument to be without legal merit or factual support. Manifestly omitted in any document filed by Petitioner, is any indication of how, why, or to which good-time credits Petitioner is referring. Without more, Petitioner's allegation does not demonstrate an unreasonable application of clearly established federal law or an unreasonable determination of the facts, on the part of the Supreme Court of Virginia, in denying his petition.

Second, Petitioner objects to the Magistrate Judge's finding that "Petitioner fails to state an equal protection claim." Pet'r Obj., 6, ECF No. 13. To support his objection, Petitioner merely re-asserts much of the same argument made in his original petition and response: (1) that he was treated differently than others similarly situated, (2) that the unequal treatment resulted from intentional or personal discrimination, (3) that the Parole Board lacks guidelines governing the granting of parole, and thus (4) the Parole Board's decisions not to grant parole are arbitrary and capricious. This Court finds the rationale put forth by the Respondent, and recommended by the Magistrate Judge, to be correct and in accordance with the safeguards of federal law.

Third, the Petitioner re-asserts his claim that the Virginia parole statute is "void for vagueness" because the phrase "found suitable for parole" is "undefined, uncertain, indefinite, and [a] vague phrase." Pet'r Obj., 10-11, ECF No. 13; Pet'r Rebuttal to Resp't Mot. Dismiss, 16, ECF No. 11. However, "[t]he Constitution simply does not speak to the generality or specificity

of the standards for parole eligibility adopted by a state." *Vann v. Angelone*, 73 F.3d 519, 523 (4th Cir.1996) (citing *Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7-8 (1979)). Additionally, the Fourth Circuit has recognized that the Parole Board has wide discretion to grant or deny parole, *Townes v. Jarvis*, 577 F.3d 543, 549 (4th Cir. 2009), and in order to best exercise that discretion, the statute need not "articulate detailed standards for parole eligibility." *Vann*, 73 F.3d at 523. Nevertheless, McCollum's affidavit states that the Parole Board established a set of meaningful criteria it considers when determining whether an individual is suitable for parole. *See* Resp't Mem. Supp. Mot. Dismiss, Ex. B ¶ 5, ECF No. 9.

Fourth, Petitioner's next objection relates to the Supreme Court of Virginia's decision to dismiss the petition. Petitioner argues for the first time that the Supreme Court did not adjudicate the petition on the merits and that the denial of his petition "was contrary to and involved an unreasonable application of clearly established federal law." Pet'r 1st Am. Obj., 2, ECF No. 14. The Court finds Petitioner's argument meritless and insufficient to meet the standard required by 28 U.S.C. § 2254(d)(1).

Finally, Petitioner's last objection relates to his most recent denial of parole on March 15, 2011. This, however, is not an objection to the Report and Recommendation. Rather, Petitioner argues for the first time that he was denied due process because the reasons not to grant him parole as stated in the Parole Board's letter "are not supported in the record." Pet'r 2d Am. Obj., 3, ECF No. 15. In order for this Court to address the merits of a petitioner's claim, they must first be exhausted. *See* 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428,

1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Because this claim has not been presented to the Virginia Supreme Court on direct appeal or in a state habeas petition, the Virginia Supreme Court has never had an opportunity to fully and fairly review it. *See Picard v. Connor*, 404 U.S. 270, 275-78 (1971) (a federal court may review only the claims that have been "fairly presented" to the state's highest court). Thus, the Court finds Petitioner's objection insufficient to meet the standard required by 28 U.S.C. § 2254(b).

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made *de novo* findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed March 2, 2011. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/
Jerome B. Friedman
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 15, 2011

5